O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARI K. CROUCH, | ) NO. ED CV 07-131-E |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **AND ORDER OF REMAND** |
| Defendant. | ) |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on February 12, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on March 6, 2007.

1   Plaintiff filed a motion for summary judgment on July 24, 2007.
2 Defendant filed a cross-motion for summary judgment on August 27,
3 2007.  The Court has taken the motions under submission without oral
4 argument.  See L.R. 7-15; "Order," filed February 14, 2007.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based on alleged non-exertional impairments (Administrative Record ("A.R.") 13-307).  Plaintiff testified to non-exertional restrictions of allegedly disabling severity, including sleeping all day, difficulty concentrating, anger, and an inability to be around other people (A.R. 282-92).  Plaintiff's mother gave potentially corroborating testimony, saying Plaintiff sleeps for "days on end," fails to attend to her personal hygiene, is moody, and cannot handle crowds at the grocery store (A.R. 299-304).

The Administrative Law Judge ("ALJ") found Plaintiff has a severe non-exertional impairment (an affective disorder), but retains the capacity to work (A.R. 14-19).  In reaching the conclusion that Plaintiff can work, the ALJ expressly found Plaintiff's contrary testimony not credible, but failed to mention the mother's potentially corroborating testimony.  Id.  The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's

2

findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

In evaluating the credibility of a claimant's assertions of functional limitations, the ALJ must consider lay witnesses' reported observations of the claimant. See Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999). "[F]amily members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

"[T]he ALJ can reject the testimony of lay witnesses only if he [or she] gives reasons germane to each witness whose testimony he [or she] rejects." Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996). A conflict with the medical evidence, for example, can be a "germane reason" to reject the testimony of a lay witness. See Lewis v. Apfel, 236 F.3d 503 (9th Cir. 2001). The mere fact that a witness is a family member, however, is not a sufficient reason to reject the witness' testimony. See Smolen, 80 F.3d at 1289; Regennitter, 166 F.3d at 1298.

In the present case, the ALJ erred by failing to mention the mother's testimony. Where, as here, an ALJ fails properly to consider competent lay evidence favorable to a claimant, the district court cannot deem the error harmless unless no reasonable ALJ, when fully

crediting the lay evidence, could have reached a different disability determination. See Stout v. Commissioner, 454 F.3d 1050, 1056 (9th Cir. 2006). This Court is unable to conclude that no reasonable ALJ, fully crediting the statements of Plaintiff's mother, could have reached a different disability determination regarding Plaintiff.

In attempted avoidance of this conclusion, Defendant cites Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984) for the argued proposition that an ALJ is not required to give reasons for rejecting lay witness testimony. The Ninth Circuit squarely rejected Defendant's argument over ten years ago in a case legally indistinguishable from the present case:

> The government contends, relying on Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984), that it was not error for the ALJ to disregard the lay testimony *without* giving specific reasons for doing so. It asserts that the ALJ need not discuss 'lay witness testimony that conflict[s] with the available medical evidence.' The reliance on Vincent is misplaced. In that case, lay witnesses were making medical *diagnoses*, e.g., that the claimant had a serious mental impairment as a result of a stroke. Such medical diagnoses are beyond the competence of lay witnesses and therefore do not constitute competent evidence. 20 C.F.R. § 404.1513(a). However, lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence, 20 C.F.R. § 404.1513(e), Sprague v.

4

1       Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987), and
2       therefore *cannot* be disregarded without comment.
3       Dodrill, 12 F.3d at 919.

4

5 Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).[1/]

6

7     When a court reverses an administrative determination, "the
8 proper course, except in rare circumstances, is to remand to the
9 agency for additional investigation or explanation." INS v. Ventura,
10 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is
11 proper where, as here, additional administrative proceedings could
12 remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d
13 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
14 1496, 1497 (9th Cir. 1984).

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///

25 ───────────────

26 [1/]   Defendant's citation of Ukolov v. Barnhart, 420 F.3d 1002
27 (9th Cir. 2005) is similarly unavailing. In Ukolov, unlike the
present case, the claimant failed to demonstrate the existence
28 of any medically determinable impairment, so lay testimony regarding
alleged symptomatology was immaterial to the disability analysis.

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 13, 2007.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's suggestion of reversal rather than remand is unpersuasive.

6